

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
September 15, 2023 02:16 PM
      PAVAN PARIKH
    Clerk of Courts
  Hamilton County, Ohio
  CONFIRMATION 1370367
```

**INTEGRITY EXPRESS LOGISTICS LLC**
**vs.**
**DYLAN A LOPEZ**

**A 2303955**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND

## PAGES FILED: 52

# IN THE COURT OF COMMON PLEAS
# HAMILTON COUNTY, OHIO

| | |
|---|---|
| **INTEGRITY EXPRESS LOGISTICS, LLC**<br>4420 Cooper Rd.<br>Cincinnati, OH 45242,<br><br>   Plaintiff,<br><br>  v.<br><br>**DYLAN A. LOPEZ**<br>3010 W. Villa Rosa Park<br>Tampa, FL 33611,<br><br>  **Serve also**:<br>  Dylan A. Lopez<br>  11236 4th Ave. Ocean<br>  Marathon, FL 33050<br><br>**LUKE R. MORRIS**<br>7109 Park St. S.<br>St. Petersburg, FL 33707,<br><br>**AND**<br><br>**L MORRIS ENTERPRISES LLC d/b/a**<br>**VANIR NATIONAL LLC**<br>c/o Luke Morris, Registered Agent<br>7109 Park St. S.<br>St. Petersburg, FL 33707,<br><br>   Defendants. | Case No: _____<br><br><br>Judge _____ |

## VERIFIED COMPLAINT FOR PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DAMAGES

For its Complaint against defendants Dylan A. Lopez ("Mr. Lopez"), Luke R. Morris ("Mr. Morris" and together with Mr. Lopez, the "Individual Defendants"), and L Morris Enterprises LLC d/b/a Vanir National LLC ("Vanir"), plaintiff Integrity Express Logistics, LLC ("IEL") states as follows:

## NATURE OF THE ACTION

1. This case involves former IEL employees who are blatantly disregarding applicable restrictive covenants by competing with IEL and soliciting business from IEL customers. IEL seeks preliminary and permanent injunctive relief, and damages for breach of contract, breach of fiduciary duty, and misappropriation of trade secrets against the Individual Defendants, former employees of IEL, and for misappropriation of trade secrets against the Individual Defendant's new business, Vanir. Unless restrained and enjoined, the Individual Defendants will cause irreparable harm to IEL by deliberate breach of contractual and other lawful duties owed to IEL by virtue of their operation of with Vanir, which appears to be competing directly with IEL and continues to capitalize on Individual Defendants' knowledge of IEL's trade secrets and confidential information.

## PARTIES

2. IEL is an Ohio limited liability company that is engaged in the business of providing freight brokerage services throughout the United States.

3. Upon information and belief, Mr. Lopez is a resident of the state of Florida and was employed by IEL as a Logistics Account Executive until March 14, 2023.

4. Upon information and belief, Mr. Morris is a resident of the state of Florida and was employed by IEL as a Logistics Account Executive until February 10, 2023.

5. Upon information and belief, Vanir is a Florida limited liability company with offices in St. Petersburg, Florida that provides freight brokerage services and is owned and/or managed by the Individual Defendants.

## JURISDICTION AND VENUE

6. The Non-Competition, Non-Solicitation, and Confidentiality Agreement (the "Agreement") that the Individual Defendants executed in connection with their employment with IEL contains a choice-of-forum clause, which provides:

> Any actions or proceedings instituted under this Agreement with respect to any matters arising under or related to this Agreement, shall be brought and tried only in courts located in the State of Ohio and by entering into this Agreement, Employee consents to the jurisdiction of both the federal and state court systems in Ohio. Employee expressly waives his right to cause any such actions or proceedings to be brought or tried elsewhere.

7. Therefore, this court has personal jurisdiction over the Individual Defendants and venue is appropriate because IEL's claims in this action arise under and relate to the Agreement. Further, this Court has subject matter jurisdiction as the amount sought by IEL exceeds $15,000.

8. Pursuant to R.C. § 2307.382(A)(6), among other provisions, this Court also has personal jurisdiction over Vanir as Vanir is causing tortious injury in this state by an act outside this state committed with the purpose of injuring IEL, when Vanir might reasonably have expected that IEL would be injured in Ohio.

## FACTUAL ALLEGATIONS

### *The Nature of IEL's Business and Confidential Information*

9. IEL provides freight brokerage services throughout the continental United States. IEL connects loads of freight for producers, suppliers, manufacturers, and other entities ("Customers") to over-the-road motor transportation companies available to move the freight ("Carriers").

10. IEL has offices in Ohio, Florida, Arizona, Colorado, Kentucky, North Carolina, South Carolina, Texas, and Tennessee in addition to an international presence in Mexico and Canada.

3

11. IEL has spent, and continues to spend, a substantial amount of time and resources procuring and maintaining both Customers and Carriers. It considers its Customer and Carrier lists to be confidential and takes extensive efforts to maintain their confidentiality.

12. At considerable time and expense, IEL trains its employees, and especially its Logistics Account Executives, on the performance of freight brokerage services, including training on IEL's services, Customers, Customer evaluations, Customer credit authority, Carriers, Carrier evaluations, proprietary software, pricing structure, sales strategies, and general operations.

13. The freight brokerage business is highly competitive and IEL has expended substantial resources to create and protect highly confidential information necessary to build and maintain a significant business presence and to effectively compete against other freight brokerage services.

### *The Individual Defendants are Hired by IEL and Execute the Agreement*

14. On or about January 25, 2021, Mr. Lopez was hired by IEL as a Logistics Account Trainee in its Tampa, Florida offices.

15. On or about May 17, 2021, Mr. Morris was hired by IEL as a Logistics Account Trainee in its Tampa, Florida offices.

16. In consideration for their employment, Messrs. Lopez and Morris executed the Agreement on January 24, 2021 and May 12, 2021, respectively. A true and accurate copy of correspondence sent to Mr. Lopez enclosing Mr. Lopez's executed Agreement is attached hereto as **Exhibit 1** and a true and accurate copy of correspondence sent to Mr. Morris enclosing Mr. Morris's executed Agreement is attached hereto as **Exhibit 2**.

17. In the Agreement, the Individual Defendants agreed not to compete with IEL for one year after their separation from the company:

Non-Competition. In order to protect the legitimate business interests of the

> Company, Employee covenants and agrees that during the Term and except as expressly provided here, Employee shall not, directly or indirectly:
>
> (a) seek or accept employment or other work with any person, entity, or business similar to, or which directly or indirectly is competitive with the Company within a 150 mile radius from any of the Company's offices and within a 150 mile radius from the greater metropolitan area of Chicago, Illinois and Findlay, Ohio (the "Restricted Territory");
>
> (b) conspire, plan or otherwise agree with any person, entity or business to organize or develop any business or entity that directly or indirectly is competitive with, or engages in business similar to, the Company within the Restricted Territory;
>
> (c) own, manage, operate, control, be employed by, participate in or be connected in any manner with the ownership, management, operation or control of any person, entity or business similar to, or which directly or indirectly is competitive with, the business of Company within the Restricted Territory; or
>
> (d) divert or attempt to divert any business of Company within the Restricted Territory.

*Id.* at ¶ 2.

18. The Individual Defendants also agreed that for one year after their employment, they would not solicit Customers or Carriers from IEL:

> <u>Non-Solicitation of Business.</u> Employee shall not, during the Term, directly or indirectly, solicit, contact, seek business from or approach any person or entity which is or was an account, client or customer of the Company on behalf of any person or entity which competes or engages in business similar to the Company within the Restricted Territory.

*Id.* at ¶ 3.

19. In addition, the Individual Defendants agreed not to solicit any IEL employees for one year following the termination of their employment with IEL:

> <u>Non-Solicitation of Employees</u>. Employee shall not, during the Term, hire, identify for solicitation or solicit, directly or indirectly, employees of the Company for employment by any person or entity which competes with or engages in business similar to the business of the Company within the Restricted Territory.

*Id.* at ¶ 4.

20. The Individual Defendants further agreed not to disclose, or make use of IEL's confidential information for their own benefit, or the benefit of any other person or entity:

5

>   <u>Confidential Information.</u> In the course of employment with the Company, the Employee acknowledges that Employee will have access to confidential information and trade secrets, as those terms are defined by Ohio law, including, but not limited to, customer lists/data, financial information, company operations, pricing, business/marketing strategies, training information/materials, selling practices, methods, and techniques, and sales information ("Confidential Information"). Except as required by Employee's duties at the Company, the Employee agrees, while employed by the Company and thereafter, irrespective of the reason for termination, not to directly or indirectly: (a) reveal or disclose the Company's Confidential Information or trade secrets to any person or entity; or (b) make use of the Company's Confidential Information or trade secrets for Employee's own benefit or the benefit of any other person or entity, without the prior written consent of the Company.

*Id.* at ¶ 5.

21. The Agreement states that the Individual Defendants' breach "will result in material and irreparable injury to the Company for which there is no adequate remedy of law and that it would not be possible to measure damages for such injury precisely. In the event of such a breach or threat thereof, the Company shall have the right to, without the posting of a bond or other security,[] in addition to money damages, a temporary restraining order, preliminary injunction or permanent injunction restraining [the Individual Defendants] from engaging in the activities prohibited by this Agreement, or any other relief as may be appropriate in law or equity or required for specific enforcement of the covenants set forth in this Agreement." *Id.* at ¶ 8.

22. During their employment, IEL provided the Individual Defendants with extensive training on, among other things, IEL's services, pricing structure, sales strategies, Customers, proprietary software, and general operations.

23. In their capacity as Logistic Account Executives for IEL, the Individual Defendants acquired significant knowledge of and contacts with Customers, Carriers, and other persons doing business with IEL, which is essential to generating and maintaining business. Indeed, one of the key aspects of the Individual Defendants' role involved cultivating relationships with Customers

and Carriers so that IEL could continue to develop and grow its Customer and Carrier lists and adequately service its Customers' needs.

24. During their employment, the Individual Defendants had access to and became intimately familiar with extremely sensitive information pertaining to IEL's services, personnel, Customer lists, methods, procedures and practices, commission and fee rates, sales figures and other business affairs, proprietary software, and strategic business forecasts and plans, including marketing strategies and targets. That information is highly confidential and proprietary in nature and is protected by IEL as a valuable business asset.

*The Individual Defendants Breach the Agreement and Misappropriate IEL's Trade Secrets*

25. Vanir's articles of organization were filed with the Florida Secretary of State on or about January 12, 2023. A true and accurate copy of Vanir's articles of organization is attached as **Exhibit 3**.

26. Soon thereafter, on February 10, 2023, Mr. Morris resigned from IEL.

27. On or about February 15, 2023, Mr. Lopez filed articles of organization for a limited liability company known as Lopez National, LLC ("Lopez National"). A true and accurate copy of Lopez National's articles of organization is attached as **Exhibit 4**.

28. On March 14, 2023, Mr. Lopez resigned from IEL. Mr. Lopez told IEL that he was leaving the freight logistics industry and had decided to attend law school.

29. Despite his representations to the contrary, however, **Mr. Lopez solicited IEL's customers the day after he resigned from IEL** using the following email address: dylan.lopez@tallgrassfreight.com.

30. On March 15, 2023, Mr. Lopez sent a new "client packet" instructing an IEL customer on how to receive freight brokerage services from Tallgrass Freight Co. ("Tallgrass").

7

The customer, presumably intending to copy Mr. Lopez's new Tallgrass email account, copied Mr. Lopez's IEL email address on an internal communication and stated "*Dylan Lopez was with IEL and now at Tallgrass. His rates are excellent! Could you please fill this out and send it back asap?*" A true and accurate copy of this email correspondence, with redactions, is attached as **Exhibit 5**.

31. Tallgrass calls itself the "*best freight brokerage in the country*"[1] and maintains a principal place of business in Shawnee, Kansas, and, according to its website,[2] Tallgrass has "*independent freight agents*" throughout the country, including in Florida:



---

[1]     *See* https://tallgrassfreight.com/ (last accessed on September 13, 2023).
[2]     *See* https://tallgrassfreight.com/about/ (last accessed on September 13, 2023).

8

32. In light of the issues regarding Tallgrass' association with former IEL employees, IEL engaged Tallgrass who confirmed that the Individual Defendants, among other former IEL employees, were indeed working for Tallgrass.

33. In fact, Tallgrass' President, Sean Richardson, reviewed the Agreements, executed by the Individual Defendants, and stated, on May 9, 2023, that four former IEL employees "*have all ceased activities with Tallgrass Freight effective immediately*" because the former employees, working in connection with Tallgrass, misrepresented that they were subject to the Agreement by virtue of their employment with IEL:

| | |
|---|---|
| **From:** | Sean Richardson <sean@tallgrassfreight.com> |
| **Sent:** | Tuesday, May 9, 2023 3:24 PM |
| **To:** | Rob Altman |
| **Cc:** | Chloe Marshall |
| **Subject:** | RE: [EXTERNAL] FW: Demand & Cease and Desist Solicitation of IEL Employees bound by a Non-Compete, Non-Solicitation Agreement |

Rob –

Thank you for providing. Luke, Dylan, Jackson and Will have all ceased activities with Tallgrass Freight effective immediately. During our initial discussions we reviewed with all parties that if they signed a Non-Compete with IEL they will be terminated on the spot. We also advised that if they violated their non solicit they would be terminated on the spot. All of them were adamant that they never signed any of these. That is obviously not the case. There are no other IEL former employees working as a Tallgrass Agent.

**Sean Richardson**
**President**

Direct 913.721.0079 x661
Fax 888.600.6402
sean@tallgrassfreight.com



34. Since issuing this statement, however, Tallgrass has reversed course and has not cut ties with the Individual Defendants.

9

35. While Tallgrass is a direct competitor of IEL and holds itself out as "*a full-service logistics solution provider since 2012*,"[3] Tallgrass has taken the position, and represented in correspondence to IEL, that it does not employ the Individual Defendants or any individual freight brokers. Instead, according to Tallgrass, the brokers work for independent freight agents that "*are separate entities that have contracted for services with [Tallgrass]*."

36. In turn, Tallgrass provides its freight agents with "*resources and tools [they] need to thrive*"[4] and the agents "*[e]njoy the freedom of running [their] own business as a 1099 contractor*"[5] and all the agents need to do is "*[r]egister [their] LLC, and [they are] ready to join the Tallgrass team*"[6] with "*[n]o hurdles, just a quick on-ramp to success*."[7]

37. On or about May 12, 2023, Vanir filed an amendment to its articles of organization naming Mr. Lopez as a manager in addition to Mr. Morris. A true and accurate copy of Vanir's amendment to its articles of organization is attached as **Exhibit 6**.

38. Upon information and belief, the Individual Defendants formed, joined, and/or manage Vanir to broker freight as a contractor for Tallgrass and, accordingly, receive support from Tallgrass.

39. Upon information and belief, the Individual Defendants, as the managers of and members of Vanir, are competing directly with IEL by brokering freight through Vanir (and Tallgrass) and have, or will, capitalize on IEL's trade secrets and confidential information by virtue of their operation of Vanir, which is operating in the exact same industry and in the same geographic area.

---

[3] *See* https://tallgrassfreight.com/about/ (last accessed on September 13, 2023).
[4] *See* https://tallgrassfreight.com/why-tallgrass/ (last accessed on September 13, 2023).
[5] *Id.*
[6] *Id.*
[7] *Id.*

10

40. According to public filings, Vanir's principal place of business is at 7109 Park St. S., St. Petersburg, FL 33707, which is only a 24.1 mile drive from IEL's Tampa, FL offices per Google Maps.

41. To date, the Individual Defendants have refused to comply with the terms of the Agreement and continue competing with IEL and soliciting its customers, resulting in irreparable harm to IEL.

**FIRST CLAIM FOR RELIEF**
**(Breach of the Agreement against Individual Defendants)**

42. IEL incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

43. For consideration of employment with IEL, the Individual Defendants entered into the Agreement with IEL.

44. The Agreement is reasonable and enforceable.

45. The Individual Defendants have breached the Agreement by, among other things, working for Vanir in the Tampa, Florida area competing directly with IEL within one-year of the termination of their employments.

46. The Individual Defendants have breached the Agreement by, among other things, soliciting IEL's customers, including Mr. Lopez's solicitation of an IEL customer that occurred on March 15, 2023.

47. The Individual Defendants have also breached the Agreement by, among other things, using IEL's confidential information for the benefit of themselves and Vanir.

48. IEL has fully complied with the terms of the Agreement.

49. The Individual Defendants' breach of the Agreement has caused, and will continue to cause, IEL to sustain substantial monetary losses and other immediate, substantial and irreparable harm for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Breach of Fiduciary Duty against Individual Defendants)

50. IEL incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

51. The Individual Defendants owed fiduciary duties to IEL by virtue of their position as employees of IEL and due to the confidential information and trade secrets shared with them for use on behalf of IEL.

52. The Individual Defendants' fiduciary relationships imposed duties of good faith, loyalty and honesty upon them.

53. By competing with IEL and by taking, retaining, using and/or disclosing confidential information and trade secrets belonging to IEL, the Individual Defendants have breached their fiduciary duty, to the injury and damage of IEL, and will continue to do so irreparably harming IEL unless they are restrained and enjoined.

## THIRD CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets against Individual Defendants)

54. IEL incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

55. The information IEL identifies above, including, but not limited to, information pertaining to its Customers, Carriers, its commission and fee rates, proprietary software, methods, procedures and practices, sales figures and sales training, and other business affairs are IEL's trade secrets subject to protection under the Ohio Uniform Trade Secrets Act, R.C. 1333.61, *et seq.*

56. This confidential business information is unknown to the general public and to the freight brokerage industry, generally, and is not readily ascertainably by proper means by other persons who can obtain economic value from its disclosure. It has been developed over time and at IEL's expense for the exclusive benefit of IEL, and IEL has taken reasonable steps to protect this information from disclosure. It constitutes a valuable business asset of independent value.

57. As employees of IEL, the Individual Defendants had access to and knowledge of this confidential business information. Indeed, in the Agreement, the Individual Defendants acknowledged that they would become familiar with such confidential information. *See* Agreement, Exs.1 and at ¶ 5.

58. The Individual Defendants have misappropriated and, unless restrained, will continue to misappropriate trade secrets of IEL for their own use and for the use of Vanir to compete with IEL. Alternatively, by virtue of their employment or association with Vanir, the Individual Defendants will inevitably disclose IEL's trade secrets.

59. Through their acts and conduct, the Individual Defendants have violated and are continuing to violate the Ohio Uniform Trade Secrets Act and Ohio common law.

60. Through their acts and conduct, the Individual Defendants have unjustly enriched themselves and have caused and are continuing to cause IEL actual and potential loss of business opportunities, loss of good will in the freight brokerage industry, and loss due to legal expenses and costs, including attorneys' fees, or will do so unless they are restrained.

61. The Individual Defendants' misappropriation of IEL's trade secrets has caused, and will continue to cause, other immediate, substantial and irreparable harm to IEL, for which there is no adequate remedy at law.

E-FILED 09/15/2023 2:16 PM / CONFIRMATION 1370367 / A 2303955 / COMMON PLEAS DIVISION / IFI

**FOURTH CLAIM FOR RELIEF**
(Misappropriation of Trade Secrets against Vanir)

62. IEL incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

63. Vanir has, or is about to, unlawfully convert and misappropriate IEL's trade secrets to its own use and benefit in violation of the common law of Ohio and R.C. 1333.61 *et seq*.

64. Vanir's employment of the Individual Defendants will, by its very nature, inevitably result in the unlawful disclosure of IEL's trade secrets, which IEL endeavors to protect through reasonable steps.

65. As a proximate result of Vanir's actions, IEL has suffered damages in an amount which cannot be reasonably ascertained at present. IEL is entitled to damages as a result of Vanir's actions, including, but not limited to, compensatory damages, punitive damages, costs, and attorneys' fees.

66. Unless restrained by this Court, Vanir will continue its unlawful acts and IEL will be irreparably injured.

67. Vanir's misappropriation of IEL's trade secrets has caused, and will continue to cause, IEL to sustain substantial monetary losses and other immediate, substantial and irreparable harm for which there is no adequate remedy at law.

**RELIEF REQUESTED**

**WHEREFORE**, IEL demands preliminary and permanent injunctive relief, and judgment against the defendants as follows:

A. Pursuant to the First Claim for Relief, preliminary and permanent injunctive relief restraining and enjoining the Individual Defendants from breaching the obligations of the Agreement to the extent deemed reasonable by the Court, including but not limited to restraining

14

and enjoining Mr. Morris, until February 10, 2024, and Mr. Lopez, until March 14, 2024, from the following:

(a) seeking or accepting employment, other work with any person, entity, or business similar to, or which directly or indirectly is competitive with IEL within the Restricted Territory, as defined in the Agreement, ¶ 2(a);

(b) conspiring, planning, or otherwise agreeing with any person, entity or business to organize or develop any business or entity that directly or indirectly is competitive with, or engages in business similar to IEL within the Restricted Territory;

(c) owning, managing, operating, or controlling, being employed by, participating in or being connected in any manner with the ownership, management, operation or control of any person, entity or business similar to, or which directly or indirectly is competitive with, the business of IEL within the Restricted Territory;

(d) diverting or attempting to divert any business of IEL within the Restricted Territory;

(e) soliciting, contacting, seeking business from, or approaching any person or entity which is or was an account, client or customer of IEL on behalf of any person or entity which competes or engages in business similar to IEL within the Restricted Territory; and

(f) hiring, identifying for solicitation, soliciting, directly or indirectly, employees of IEL for employment by any person or entity which competes with or engages in business similar to the business of IEL within the Restricted Territory.

B. Pursuant to the First Claim for Relief, in addition to the injunctive relief detailed above, preliminary and permanent injunctive relief restraining and enjoining the Individual Defendants from directly or indirectly revealing or disclosing IEL's confidential information or trade secrets to any person or entity or making use of IEL's confidential information or trade secrets for the Individual Defendants' own benefit or for the benefit of any other person or entity.

C. Pursuant to the First Claim for Relief, in addition to injunctive relief, judgment awarding IEL damages for breach of contract in an amount to be proven at trial.

15

D. Pursuant to the First Claim for Relief, in addition to injunctive relief, judgment awarding IEL its attorney fees and costs pursuant to Paragraph 9 of the Agreement against the Individual Defendants.

E. Pursuant to the Second Claim for Relief, permanent and preliminary injunctive relief restraining and enjoining the Individual Defendants from further breach of their fiduciary duties to IEL and, specifically, restraining and enjoining them from misappropriating IEL's business opportunities, confidential information and trade secrets; from solicitation of IEL's existing and prospective Customers and Carriers; and from solicitation of IEL's employees.

F. Pursuant to the Second Claim for Relief, in addition to injunctive relief, judgment awarding IEL damages for breach of fiduciary duties against Individual Defendants in an amount to be proven at trial.

G. Pursuant to the Third Claim for Relief preliminary and permanent injunctive relief restraining and enjoining the Individual Defendants, and all others acting in concert or cooperation with them and having notice of such order, from:

(a) obtaining, using, or disclosing any confidential information and trade secret information of IEL, including, but not limited to, information pertaining to IEL's client relationships, pricing, marketing, proprietary software, sales lists, customer lists, motor carrier lists, business strategy, and other business affairs;

(b) obtaining or retaining any document or paper relating to confidential and trade secret information of IEL, including, but not limited to, documents constituting, referring to, or relating to IEL's client relationships, pricing, marketing, proprietary software, sales lists, customer lists, motor carrier lists, business strategy, and other business affairs.

H. Pursuant to the Third Claim for Relief, in addition to injunctive relief, judgment awarding IEL damages, in an amount to be proven at trial, including, without limitation, an award of punitive or exemplary damages in an amount equal to three (3) times IEL's actual loss and the Individual Defendants' unjust enrichment.

I. Pursuant to the Fourth Claim for Relief, preliminary and permanent injunctive relief restraining and enjoining Vanir, and all others acting in concert or cooperation with it and having notice of such order, from:

(a) obtaining, using, or disclosing any confidential information and trade secret information of IEL, including, but not limited to, information pertaining to IEL's client relationships, pricing, marketing, proprietary software, sales lists, customer lists, motor carrier lists, business strategy, and other business affairs;

(b) obtaining or retaining any document or paper relating to confidential and trade secret information of IEL, including, but not limited to, documents constituting, referring to, or relating to IEL's client relationships, pricing, marketing, proprietary software, sales lists, customer lists, motor carrier lists, business strategy, and other business affairs.

K. Pursuant to the Fourth Claim for Relief, in addition to injunctive relief, judgment awarding IEL damages, in an amount to be proven at trial, including, without limitation, an award of punitive or exemplary damages in an amount equal to three (3) times IEL's actual loss and Vanir's unjust enrichment.

L. Such other and further relief, including but not limited to damages, costs, pre-judgment and post-judgment interest, and attorney fees.

        Respectfully submitted,

        */s/ J.B. Lind*
        J.B. Lind (0083310)
        Elizabeth A. Callan (0078969)
        Daniel P. Shinkle (0099656)
        VORYS, SATER, SEYMOUR AND PEASE LLP
        301 E. Fourth Street, Suite 3500
        Cincinnati, Ohio 45202
        Phone:  (513) 842-8119
        Facsimile:  (513) 852-7835
        jblind@vorys.com
        eacallan@vorys.com
        dpshinkle@vorys.com

        *Attorneys for Integrity Express Logistics, LLC*

## VERIFICATION

STATE OF OHIO         )
                      ) SS:
COUNTY OF HAMILTON    )

      I, Victoria Hershberger, certify that I am an authorized representative of Integrity Express Logistics, LLC. I hereby certify that I have reviewed the Verified Complaint, have personal knowledge of the facts set forth in the Verified Complaint, and the statements contained therein are true to the best of my knowledge and belief.

INTEGRITY EXPRESS LOGISTICS, LLC

BY: _____
Human Resources Director

Sworn to before me and subscribed in my presence this 14th day of September, 2023.

GREGORY GEORGE VITOLO
Notary Public, State of Ohio
My Commission Expires 05-27-2024

_____
Notary Public

My commission expires:

5/27/2024

19