IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| INTEGRITY EXPRESS LOGISTICS, LLC, | : | Case No. 1:23-cv-589 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| DYLAN A. LOPEZ, et al., | : | |
| Defendants. | : | |

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 13)**

---

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 13). Plaintiff filed a Response in Opposition (Doc. 14), to which Defendants filed a Reply in Support (Doc. 15). Thus, this matter is ripe for the Court's review. For the reasons below, Defendants' Motion to Dismiss (Doc. 13) is **DENIED**.

## FACTS AND PROCEDURAL POSTURE

Defendants Dylan Lopez and Luke Morris are former employees of Plaintiff Integrity Express Logistics, LLC. (Am. Compl., Doc. 12, ¶¶ 3-4.) Plaintiff provides freight brokerage services throughout the United States and employed Defendants as Logistics Account Executives. (*Id.* at ¶¶ 2-4.) While Plaintiff is an Ohio-based company, Defendants reside in Florida. (*Id.*)

As a condition of their onboarding and employment, Defendants were required to sign a Non-Competition, Non-Solicitation, and Confidentiality Agreement. (Am. Compl., Doc. 12, ¶¶ 5, 15, 17.) The Agreement was reviewed and signed on Plaintiff's online

Human Resources system. (*Id.* at ¶¶15- 17.) Plaintiff's Human Resources system reflects that Lopez consented to the Agreement on January 24, 2021, and Morris consented to the Agreement on May 12, 2021. (*Id.* at ¶¶ 15-16.) Once Defendants consented to the Agreement, the system created a "Review Task Summary" page for each Defendant. (*Id.* at ¶ 18.) The "Review Task Summary" page abbreviated the name of the Agreement as "Non-Competition Non-Solicitation" and identified it as an attachment. (Exhibit 1, Doc. 12-1, Pg. ID 317; Exhibit 2, Doc. 12-2, Pg. ID 324.) Below the Agreement's abbreviated name is the respective Defendants' e-signature, along with the date of signing. (*Id.*)

On June 22, 2023, Plaintiff notified Defendants that they were violating the terms of the Agreement. (Exhibit 1, Doc. 12-1, Pg. ID 315-321; Exhibit 2, Doc. 12-2, Pg. ID 322-328.) Attached to the notices, Plaintiff included an unsigned version of the Agreement and the relevant "Review Task Summary" page. (*See id.*)

Defendants failed to remedy the alleged breach, so Plaintiff sued Defendants for, among other things, breach of the Agreement. (Am. Compl., Doc. 12, ¶¶ 47-54.) Plaintiff brought these claims in this Court pursuant to the Agreement's forum selection clause, which requires any suit brought in relation to the Agreement to be brought in a court located in Ohio. (*Id.* at ¶¶ 5-6.) However, Defendants maintain that they do not recall seeing or signing the Agreement. (Lopez Aff., Doc. 13-1, Pg. ID 360-61; Morris Decl., Doc. 13-2, Pg. ID 362.) Relying on this assertion, Defendants move to dismiss Plaintiff's claims against them, arguing that this Court lacks personal jurisdiction over them. (Motion to Dismiss, Doc. 13.)

## LAW

A plaintiff bears the burden of establishing that this Court has personal jurisdiction over a defendant. *Theunissen v. Matthews*, 935 F.3d 1454, 1458 (6th Cir. 1991). When, as here, the Court elects to decide the motion upon written submissions, "the [C]ourt must consider the pleadings and affidavits in a light most favorable to the nonmoving party—here, plaintiffs." *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quotation omitted). "[T]he burden on the plaintiff is relatively slight, . . . and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal[.]" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quotations omitted). "Dismissal [is] only proper if all of the specific facts [the plaintiff] alleged collectively fail[] to state a prima facie case for jurisdiction under the appropriate standards." *Theunissen*, 935 F.2d at 1459.

## ANALYSIS

Plaintiff seeks to establish personal jurisdiction over Defendants through the Agreement's forum selection clause. (Am. Compl., Doc. 12, ¶ 5.) To be sure, "a forum selection clause is one way in which parties may validly consent to the jurisdiction of a particular court, and thereby waive any otherwise applicable defense to personal jurisdiction." *Demag Cranes & Components Corp. v. Pinnacle Indus. Servs.*, No. 1:19-CV-2209, 2021 U.S. Dist. LEXIS 74380, at *7-8 (N.D. Ohio Apr. 19, 2021) (citations omitted). Defendants maintain that the Agreement's forum selection clause is not enforceable against them because they did not sign the Agreement. (Motion to Dismiss, Doc. 13.) The Court is unpersuaded by this argument.

3

The Northern District of Ohio has addressed a similar situation to the one at hand in *Sherman v. Services Corporation International*. No. 16-CV-11, 2017 U.S. Dist. LEXIS 869 (N.D. Ohio Jan. 4, 2017). In *Sherman*, the defendant employed the plaintiff and wanted to enforce an arbitration agreement against her. *Id.* at *1. But, the agreement itself was not signed and the plaintiff asserted that she did not remember signing it. *Id.* at *3-5. Nevertheless, the Court found that the agreement was enforceable against the plaintiff based on evidence and pleadings from the defendant. *Id.* at *5. To be employed by the defendant, the plaintiff was required to use the defendant's online on-boarding process to review and sign all employment documents, including the arbitration agreement. *Id.* at *4-5. The agreement was linked on the website, and below the link was an e-signature of the plaintiff and a date of that signature. *Id.* at *5. On-boarding was contingent upon the plaintiff signing the arbitration agreement. *Id.* Relying on this evidence, the Court found that the e-signature constituted the plaintiff's signature to the agreement, and it was therefore enforceable against her. *Id.*

Like *Sherman*, Plaintiff has provided sufficient pleadings and evidence to demonstrate—at this stage of litigation—that Defendants signed the Agreement. Defendants had to complete the pre-onboarding process to become employees of Plaintiff. (Am. Compl., Doc. 12, ¶¶ 15, 17.) One step in completing the pre-onboarding process was consenting to the Agreement. (*Id.* at ¶ 17.) Plaintiff's Human Resources system reflects that Defendants consented to the Agreement. (*Id.* at ¶ 15.) Once Defendants consented to the Agreement, the Human Resources system created the "Review Task Summary" Page. (*Id.* at ¶ 18.) This page identified the Agreement, listed

4

Defendants' e-signatures, and provided the relevant dates of those signatures. (*Id.*; Exhibit 1, Doc. 12-1, Pg. ID 317; Exhibit 2, Doc. 12-2, Pg. ID 324.) Reviewing these allegations in the light most favorable to Plaintiff, the Court can reasonably infer that the e-signatures constitute Defendants' consent to the Agreement. Therefore, the Agreement and its forum selection clause are enforceable against Defendants.

Defendants' arguments that they do not remember signing the Agreement, that the e-signatures were not authentic, and that the signatures were separate from the Agreement fail to create an issue on the enforceability of the Agreement against Defendants. *See, e.g., Sherman*, 2017 U.S. Dist. LEXIS 869, at *5 (E-signature included on human resources system but not in the agreement was sufficient.); *Jones v. U-Haul Co. of Mass. & Ohio Inc.*, 16 F. Supp. 3d 922, 934-35 (S.D. Ohio 2014) (Evidence provided by the defendant of the plaintiff's e-signature, submitted via online human resources system, was sufficient to enforce agreement.); *Morgan v. United Healthcare Servs., Inc.*, No. 1:12-CV-676, 2013 U.S. Dist. LEXIS 61723, at *3 (S.D. Ohio Apr. 30, 2013) ("[The plaintiff] could not have 'accepted' . . . the employment offer unless she also agreed to the Arbitration Policy as a condition of employment. To the extent plaintiff suggests she does not remember, this fails to create any issue as to whether the parties had a valid agreement to arbitrate.").

Plaintiff has thus made a prima facie showing that the Court has personal jurisdiction over Defendants. As explained above, Defendants signed the Agreement, which subjected them to a forum selection clause requiring any suit related to the Agreement to be brought in a court located in Ohio. (*See* Am. Compl., Doc. 12-1, ¶ 5.)

5

Defendants do not dispute the validity of this forum selection clause. (*See* Motion to Dismiss, Doc. 13.) Therefore, pursuant to the Agreement's forum selection clause, Defendants have consented to the jurisdiction of this Court. *See Puinnacle Indus. Servs.*, 2021 U.S. Dist. LEXIS 74380, at *7-8.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND